UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KASEY E. JONES,<br><br>    Plaintiff,<br><br>vs.<br><br>WEATHERBY, INC., a California Corp.,<br><br>    Defendant. | NO. CV-08-210-JLQ<br><br>**ORDER DENYING MOTION TO DISMISS AND COMPELLING DISCOVERY** |

Before the court is the Defendant's Motion to Dismiss (Ct. Rec. 25) and Motion to Compel Expert Report and Trial Witness List (Ct. Rec. 21), both of which have been responded to in opposition by the Plaintiff (Ct. Rec. 34). Both motions were heard by the court without oral argument on January 13, 2009.

**IT IS HEREBY ORDERED:**

1. The Defendant's Motion to Dismiss (Ct. Rec. 25) is **DENIED**. Though tardy in so doing, the Plaintiff has explained the logistical reasons for the delay in producing his expert witness report, and has not exhibited explicit bad faith or a desire to hide the truth of the matter. "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe...Only 'willfulness, bad faith, and fault' justify terminating sanctions." *Connecticut General*, 482 F.3d at 1096, citing *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003). Furthermore, general public policy and the policy of this court both favor the disposition of cases on their merits and dismissal of

ORDER - 1

the Plaintiff's claim at this juncture would frustrate that policy.

2. The Defendant's Motion to Compel Expert Report and Trial Witness List (Ct. Rec. 21) is **GRANTED**. The court notes that Proof of Service of the Plaintiff's expert witness report (Ct. Rec. 36) has been filed, but his final list of trial witnesses has not. The court's Scheduling Order (Ct. Rec. 8) required that both these filings be made no later than December 15, 2008. The Plaintiff shall immediately and forthwith serve and file his trial witness list. As previously ordered by the court (Ct. Rec. 20), the Defendant shall serve and file its expert reports and trial witness list on or before **January 30, 2009.** It may promptly supplement its list of witnesses upon identification of his firearm expert witness(es).

3. In accordance with the court's Order dated December 22, 2008 (Ct. Rec. 20), the Plaintiff is again ordered to immediately and forthwith produce the subject rifle and ammunition to the Defendant for his inspection. No testing or inspection shall be conducted by the Defendant which may change the characteristics of the firearm without the prior consent of the Plaintiff or order of the court. The court is not persuaded that it is improper to allow the Defendant to have custody of the rifle for the purposes of discovery.

4. The court notes that the Plaintiff has been tardy in his filings and has not yet complied with the court's Order compelling production of the subject rifle and ammunition. While the court favors the resolution of cases on the merits and not procedure, its patience is not infinite and the parties shall henceforth timely comply with all orders and filing deadlines.

The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 25th day of January, 2009.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE
